

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. AMASA PINCKNEY NILES IV, Defendant/Movant. | Cause No. CR 12-64-BLG-DLC<br>CV 17-39-BLG-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Niles's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Niles is a federal prisoner proceeding pro se.

On November 28, 2017, Niles was ordered to show cause why his claims should not be dismissed with prejudice as time-barred. He responded on January 22, 2018.

Niles was sentenced on January 30, 2013. He did not appeal. His sentence became final when his time to appeal expired, that is, on February 13, 2013. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). He filed his § 2255 motion (Doc. 45) more than four years later, on March 21, 2017.

1

# I. Applicable Law

A one-year limitations period applies to each claim in a motion under 28 U.S.C. § 2255. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). The first question, therefore, is whether Niles's time to file expired before he filed. If so, the second question is whether there is a good reason to accept his late filing anyway.

The filing deadline is one year after the latest "trigger" date that applies to the claim. *See* 28 U.S.C. § 2255(f)(1)-(4). A defendant must file a § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Even if a defendant fails to file within a year of the applicable "trigger" date, his claims will still be heard on their merits if his untimely filing is excused either

by equitable tolling or by actual innocence. To obtain equitable tolling, the defendant must allege facts sufficient to support an inference that he pursued his rights diligently but was prevented from filing on time by an extraordinary circumstance that stood in his way. *See, e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010). To show actual innocence, he must allege facts sufficient to support an inference that, based on new evidence, it is more likely than not that no reasonable fact-finder could find him guilty beyond reasonable doubt. *See, e.g., McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013).

## II. Analysis

Niles contends that he told his counsel he wanted to appeal. Counsel told Niles to call but did not take or return his calls. Niles pursued a disciplinary complaint against counsel in 2013. *See* Niles Aff. (Doc. 51 at 12-14). With his response to the Order to Show Cause, and with his § 2255 motion as well, Niles filed a copy of counsel's response to his complaint.

The response is dated August 21, 2013. It mentions 28 U.S.C. § 2255 and "federal habeas" more than once. Counsel specifically said, "I believe Amasa has a remedy pursuant to § 2255 of federal habeas and any petition he files will be timely." Counsel Resp. to Compl. at 9 para. 2 (Doc. 51 at 10); *see also id.* at 7 para. 5, 8 para. 1, 9 para. 3. At that time, counsel was correct. Niles still had almost six months to file a timely § 2255 motion.

3

Additionally, counsel represented Niles on a motion seeking a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the drug table, U.S.S.G. § 2D1.1. *See* Reply (Doc. 40), *attached to* Mot. § 2255 (Doc. 45-2) at 24-30; *see also* Mot. to Reduce Sentence (Doc. 38); Am. Judgment (Doc. 41) at 1 (filed Nov. 30, 2015) (reducing sentence from 151 to 130 months). Counsel's *mea culpa* in response to the disciplinary complaint as well as his continued representation of Niles demonstrate that Niles could have filed a § 2255 motion on time. For instance, he could simply have asked counsel for a copy of the statute or asked the Court to supply a form motion.

Niles points to the limited time available to him in the law libraries of the facilities where he was housed. *See* Resp. to Order to Show Cause (Doc. 51) at 13-14; Mot. for Leave (Doc. 45-1) at 2-3. He does not, however, allege that no legal resources were available to him, and he fails to explain—or even mention—counsel's ongoing and successful representation of him, even after Niles filed the disciplinary complaint.

Niles's allegations do not support an inference that he was prevented from filing a motion by unconstitutional state action. 28 U.S.C. § 2255(f)(2). None of his claims rely on a new rule. *Id.* § 2255(f)(3). At the latest, he was aware of the facts supporting his claims either at the time of his sentencing hearing or well before August 21, 2013, when counsel responded to his disciplinary complaint. *Id.*

§ 2255(f)(4). Section 2255(f)(1) applies. Niles should have filed his § 2255 motion on or before February 13, 2014. He filed it more than three years too late.

As for equitable tolling, Niles fails to show that he acted with due diligence. *See, e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010). Nor does he allege facts suggesting he is actually innocent. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013).

Niles fails to show cause why his claims should not be time-barred. His motion will be dismissed.

Niles asks that the dismissal be made without prejudice, so that he may retain counsel and perhaps file again at a later date. *See* Resp. to Order (Doc. 51) at 2. But his failure to comply with the one-year limitations period means the Court may not address the claims for relief pled in his § 2255 motion at all, not that Niles might file them later. Dismissal without prejudice would misrepresent the true state of affairs. Niles's claims are dismissed with prejudice to refiling.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Niles filed his § 2255 motion more than three years too late. He was advised of the existence of 28 U.S.C. § 2255 and the prospect of a remedy under it by at least August 21, 2013. The same counsel who communicated to him the existence of the statute continued to represent him on a motion under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 790 to U.S.S.G. § 2D1.1 Niles fails to mention any of these facts, though they plainly emerge from the record. Even assuming Niles makes a substantial showing that he was denied an appeal he waived in the plea agreement, *see* 28 U.S.C. § 2253(c)(2); *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007), reasonable jurists would not find either that the § 2255 motion was timely filed or that its untimeliness should be excused.

Accordingly, IT IS HEREBY ORDERED:

1. Niles's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 45, 51) is DISMISSED WITH PREJUDICE as time-barred.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Niles files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 17-39-BLG-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Niles.

DATED this 13th day of February, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court